Roy E. DAVIS *v.* STATE Of Arkansas

CR 74-24                                      509 S.W. 2d 547

Opinion delivered May 13, 1974
[Rehearing denied June 17, 1974.]

*Harold L. Hall*, Public Defender, by: *Robert L. Lowery*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Richard Mattison*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is an application for postconviction relief under Criminal Procedure Rule 1. The petitioner was convicted, under Ark. Stat. Ann. § 41-3938 (Repl. 1964), of having knowingly possessed stolen goods—a television set—with the intent of depriving the true owner thereof. He was sentenced, as a habitual criminal, to imprisonment for 21 years. He now contends that his conviction was a violation of the constitutional prohibition against double jeopardy, in that at an earlier trial he had been acquitted

of charges of burglary and grand larceny, involving the same television set. The trial judge denied the petition, finding that the crime of possessing stolen goods is not a lesser offense included in the charge of burglary or larceny.

We will assume, without having to so decide, that the petitioner did not waive the present constitutional question by not raising it (as we must suppose to be the case) at his trial upon the charge of possessing stolen goods. Even so, the record made at the Rule 1 hearing is so deficient that we must hold that the petitioner has not established his right to post-conviction relief.

The record before us contains no proof: No witness testified, no exhibits were proffered. It is quite apparent that the opposing attorneys — the deputy public defender and the deputy prosecuting attorney — both assumed that they and the trial judge fully understood the facts. But those facts, whatever they may be, were not made of record in such a way as to enable us to know what they are. There was no formal stipulation about the facts. We have before us discussions between counsel, the following excerpt from the record being the principal source of information:

> [Deputy prosecutor]: We will admit to the facts; that he was acquitted on June the 28th in Case Number 74816, charges alleging burglary and grand larceny; that he was subsequently tried on November the 15th, 1972, in Case Number 75110, for possession of stolen property, the property he was accused of possessing being the same property that had previously [been] alleged to have been stolen in Case Number 74816. I think, essentially, that is the factual situation.

> [Deputy defender]: But the only difference is that the witness Bosby was not used for the second trial.

> [Deputy prosecutor]: The witness, the deaf mute who was unable to make the identification in the burglary trial, was not used in the possession of stolen property. And it all arose out of the same transaction, also. Well, essentially it is the same. In the second case, he is charged with having in his possession property stolen in the burglary he was previously tried on. There is no dispute

as to the facts. It is strictly a legal issue whether possession of stolen property is a lesser included offense and whether trial on P.S.P. following acquittal on burglary and grand larceny constitutes double jeopardy. . . .

We invariably regret having to decide a case other than on its merits, but here we can find no alternative. So much information is lacking that we are presented with what is in fact an academic question of law — hardly a sound basis for determining the validity of a 25-year sentence. The precise wording of the two informations (or indictments) is unquestionably important, but those charges are not in the record. Many specific facts, such as the dates and places involved in the particular crimes, might have a bearing upon the case, but that information is wanting. The difference, whatever it may have been, between the testimony that resulted in an acquittal at the first trial and the testimony that resulted in a conviction at the second trial, must surely be of importance, but none of that testimony is before us.

Even if there may be situations — a point we do not reach — in which a conviction or an acquittal upon a charge of larceny would be a bar to a prosecution of the same person for possession of the stolen property, there can also be situations in which the first prosecution would not be a bar to the second. In the case at hand the record is so incomplete that we cannot state with confidence which possible situation is presented. Consequently we cannot say that the circuit court was wrong in its decision, especially when it is remembered that the burden was on the petitioner to prove his right to relief in the trial court and his right to a reversal here.

Affirmed.